**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY CHRISTOPHER RODESKY, : | |
| : | Civil Action No. 05-4548 (MLC) |
| Plaintiff, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| DEVON BROWN, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES**:

> Anthony Christopher Rodesky, Pro Se
> New Jersey State Prison
> #528261
> P.O. Box 861
> Trenton, NJ 08625

**COOPER**, District Judge

Plaintiff Anthony Christopher Rodesky, confined at the New Jersey State Prison, seeks to bring a action in forma pauperis, alleging violations of constitutional rights pursuant to 42 U.S.C. § 1983.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief. The Court concludes that the complaint is subject to dismissal. But Plaintiff will be permitted to file an amended complaint to address the deficiencies in the instant complaint.

## BACKGROUND

The facts are taken from the complaint and assumed true for purposes of this review. Plaintiff seeks to sue the following defendants pursuant to 42 U.S.C. § 1983: Devon Brown, Commissioner of the Department of Corrections; Ronald Cathel, Administrator of New Jersey State Prison; Charles Ellis, Chief of Staff of the Department of Corrections; and Michelle Ricci, Associate Administrator of the New Jersey State Prison.

Plaintiff states, without specificity, he has notified these defendants of violations of his constitutional rights on certain dates, including: his right to access the courts; his right to possess religious materials; his right to recreation; "illegal placement" on a certain cell block; and his right to make legal and personal telephone calls. Plaintiff provides no further facts on these alleged claims. He also claims that defendants are violating his rights under the New Jersey Administrative Code. Plaintiff seeks an injunction and punitive damages.

## DISCUSSION

A.  **Standard of Review**

The purpose of the Prison Litigation Reform Act ("PLRA") is "primarily to curtail claims brought by prisoners under 42 U.S.C.

2

§ 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerber, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines, 404 U.S. at 520-21; United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). But the Court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but

3

must permit the amendment.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

**B.   Section 1983 Actions**

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Complaint is Subject to Dismissal as Submitted**

(1)   Access to Courts Claim

Plaintiff alleges that unspecified conduct of Defendants violated his right of access to the courts.  Plaintiff has not stated how he has been denied access to the courts, and lacks standing to raise this claim unless he alleges that he actually was injured by Defendants' interference with his access to the courts.  See Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).  Plaintiff does not allege that Defendants' violations of his right to access the courts hindered his ability to pursue a legal action, prejudiced his prosecution of any case, or otherwise actually injured him in

any way.  See Lewis, 518 U.S. at 351.  Because of his failure to show such actual injury as a result of Defendants' alleged violation of his right to access to the courts, this claim is dismissible pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Since it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to indicate a violation of § 1983, the Court will grant Plaintiff 45 days leave to amend the Complaint as to this claim.

    (2)  Religious Materials Claim

"Convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison," Bell v. Wolfish, 441 U.S. 520, 545 (1979), including the protections of the First Amendment and its directive that no law shall prohibit the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  "All prisoners must be afforded reasonable opportunities to 'exercise the religious freedom guaranteed by the First and Fourteenth Amendment.'" Small v. Lehman, 98 F.3d 762, 765 (3d Cir. 1996) (quoting Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972)).

"The mere assertion of a religious belief does not automatically trigger First Amendment protections, however.  To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional

5

protection." DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000). See Sutton v. Rasheed, 323 F.3d 236, 250-51 (3d Cir. 2003).

Once such a sincerely held religious belief is demonstrated, an inmate may establish that a prison regulation or practice violates the right to free exercise of religion by showing that it violates the "reasonableness test" set forth in Turner v. Safley, 482 U.S. 78, 89 (1987), and O'Lone, 482 U.S. at 349. When a prison regulation or practice encroaches upon prisoners' rights to free exercise of their religion, the regulation is valid if it is reasonably related to a legitimate penological interest. Turner, 482 U.S. at 89; O'Lone, 482 U.S. at 349. The reasonableness standard involves the examination of whether: (1) the regulation or practice in question furthers a legitimate governmental interest unrelated to the suppression of expression; (2) there are alternative means of exercising First Amendment rights that remain open to prison inmates; (3) the right can be exercised only at the cost of less liberty and safety for guards and other prisoners; and (4) an alternative exists which would fully accommodate the prisoners' rights at de minimis cost to valid penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 415-18 (1989); Turner, 482 U.S. at 89-91. But prison administrators need not choose the least restrictive means possible in trying to further legitimate penological interests. See Thornburgh, 490 U.S. at 411. Moreover, "[i]f the connection

6

between the regulation and the asserted goal is arbitrary or irrational, [however,] then the regulation fails, irrespective of whether the other factors tilt in its favor." Shaw v. Murphy, 532 U.S. 223, 230-31 (2001).

In addition, prisoners' rights to exercise their religion are protected by statute.

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1; see Cutter v. Wilkinson, 125 S.Ct. 2113 (2005).

Plaintiff has not asserted facts sufficient to state a cognizable claim.  He has not alleged facts indicating that Defendants' conduct contravened his sincere religious beliefs, or even what religious beliefs he holds and what religion he practices.  Consequently, this claim is dismissible pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Since it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to indicate a violation of the Free Exercise Clause, the Court will grant Plaintiff 45 days leave to amend the Complaint as to this claim.

    (3)  <u>Recreation Claim</u>

Recreation is "extremely important to the psychological and physical well-being of the inmates." <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979); <u>Peterkin v. Jeffes</u>, 855 F.2d 1021, 1031 (3d Cir. 1988); <u>see</u> <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th Cir. 1996)("[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation"); <u>Patterson v. Mintzes</u>, 717 F.2d 284, 289 (6th Cir. 1983); <u>Loe v. Wilkinson</u>, 604 F.Supp. 130, 135 (M.D. Pa. 1984). But Plaintiff's allegations here are so vague that he has failed to present sufficient evidence that his Eighth Amendment rights have been violated.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and subjective component. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Id.</u> (quoting <u>Rhodes</u>, 452 U.S. at 346). This component requires that the deprivation sustained be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. <u>See</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor possess a particular state of mind because only the "unnecessary

and wanton infliction of pain" implicates the Eighth Amendment. See Wilson, 501 U.S. at 297.  The test used in determining whether the state actor possessed the requisite state of mind is whether the prison official's actions were "deliberately indifferent." See id. at 303.  Deliberate indifference is more than a mere lack of ordinary due care; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To establish deliberate indifference, an inmate must show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.

    Plaintiff's allegations do not meet the requirements of the objective component, that is, whether the recreation deprivation was sufficiently grave to violate the Eighth Amendment.  Plaintiff does not specify whether the restriction on recreation is total, partial, or occasional.  Nor does Plaintiff allege that he has been physically or psychologically harmed by the deprivation of recreation.  Also, the allegations in the complaint do not show that the prison officials acted with deliberate indifference. Therefore, this claim is dismissible pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Since it is conceivable that Plaintiff may be able to supplement his pleading with facts

sufficient to indicate a violation of the Eighth Amendment, the Court will grant Plaintiff 45 days leave to amend the Complaint as to this claim.

    (4)  Claim Regarding Housing

The Fourteenth Amendment Due Process Clause does not give an inmate a liberty interest in remaining among the general prison population. See Hewitt v. Helms, 459 U.S. 460, 466-67 & n.4 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Sheehan v. Beyer, 51 F.3d 1170, 1175 (3d Cir. 1995). As to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye, 427 U.S. at 242. In the prison context, "officials have broad administrative and discretionary authority over the institutions they manage and... lawfully incarcerated persons retain only a narrow range of protected liberty interests." Hewitt, 459 U.S. at 467. Thus, not "every state action carrying adverse consequences for prison inmates automatically activates a due process right." Moody, 429 U.S. at 88 n.9.

Although a plaintiff does not have a protected liberty interest under the Due Process Clause in his housing preference,

it is conceivable that the State of New Jersey may have created such a liberty interest.  See Sandin v. Connor, 515 U.S. 472, 483-84 (1995) (states may create liberty interests protected by due process).  However, interests created by the states "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484 (finding disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest).

    Here, Plaintiff has not indicated that his confinement in this certain cell block is more severe or atypical than others similarly situated.  The complaint does not allege that the conditions placed on Plaintiff are more onerous than those imposed on other inmates similarly confined.  There is no suggestion that Plaintiff was denied basic human needs, such as food, clothing, shelter, sanitation, and medical care.  Thus, Plaintiff's allegation that he has been denied due process by being placed in certain housing, without more, fails to allege the type of atypical and significant deprivation necessary to

trigger due process protections, and cannot form the basis of a suit under § 1983.

Therefore, this claim is dismissible pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Since it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to indicate a violation of the Eighth Amendment, the Court will grant Plaintiff 45 days leave to amend the Complaint as to this claim.

(5)   Denial of Telephone Claim

Inmates have a right protected under the First Amendment to communicate with family and friends, including reasonable access to the telephone.  See Owens-El v. Robinson, 442 F.Supp. 1368, 1386 (W.D. Pa. 1978), aff'd in part and vacated in part on other grounds sub nom., Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979).  Nonetheless, inmates' rights to communicate, even with legal counsel, are not unlimited.  Prison officials can limit communications, particularly telephone communications, to ensure safety, security, and the orderly operation of their institution.  See Griffin-El v. MCI Telecommunications Corp., 835 F.Supp. 1114, 1122-23 (E.D. Mo. 1993), aff'd, 43 F.3d 1476 (8th Cir. 1994).

Further, as long as inmates can communicate with their attorneys in writing, or by personal visits, limited access to

12

telephone calls is not a constitutional violation.  See Ingalls v. Florio, 968 F.Supp. 193, 203-04 (D.N.J. 1997); see also United States v. Kikumura, 947 F.2d 72, 79 (3d Cir. 1991) (even if telephone use is restricted, prisoner had access to postal service to keep counsel informed of scheduled proceedings).

Plaintiff here does not allege facts indicating that he was unable to communicate with his attorney by means other than the telephone, such as the postal service.  Nor does Plaintiff demonstrate he was unable to have an action commenced, or missed any deadlines, or suffered any other actual injury from his inability to utilize the telephone.  Thus, this claim is also dismissible pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Again, since it is conceivable that Plaintiff may be able to amend his Complaint to include facts which indicate that his Constitutional rights were violated, he will be permitted to do so

(6)  Claim Regarding State Law

Plaintiff contends the defendants' failure to follow the New Jersey Administrative Code violated his constitutional rights. But violation of state law does not state a constitutional violation under 42 U.S.C. § 1983.  See Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Green v. Patterson, 971 F.Supp. 891, 903 (D.N.J. 1997).  Plaintiff's claims against the defendants based upon alleged violations of

13

New Jersey law are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## CONCLUSION

For the reasons set forth above, the Plaintiff's claims are subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will permit him to file an amended complaint.[1]  If Plaintiff fails to file an amended complaint, the complaint will be dismissed and the action will be terminated.  An appropriate order follows.


    s/ Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge

---

[1]  When an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Fed. Prac. & Proc. § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  See id.  To avoid confusion, Plaintiff must file an amended complaint that is complete in itself.  See id.